# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

J. BENJAMIN ODOMS,

    *Plaintiff*,

vs.

HIGH DESERT STATE PRISON*., et al.*

    *Defendants*.

2:12-cv-00134-GMN-RJJ

ORDER

    This removed *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court for review of the amended complaint (#15) under 28 U.S.C. § 1915A.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual factual allegations are not assumed to be true. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 (2009). That is, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

1   Further, the factual allegations must state a plausible claim for relief, meaning that the
2   well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the amended complaint, plaintiff J. Benjamin Odoms seeks compensatory and punitive damages from three correctional officials at High Desert State Prison ("High Desert") in their individual capacities. He seeks recovery from Associate Warden of Operations James Baca, Lieutenant Arthur Lindsey, and Sergeant Francis Kim. According to the allegations of the amended complaint, on the afternoon of August 24, 2011, Odoms and eleven other inmates were transported in a van from the state courthouse in Las Vegas to High Desert. When they arrived at the prison, the van could not be offloaded for two and a half hours due to a prison security policy limiting the number of inmates who could be in the intake unit at one time. A busload of inmates from the Nevada State Prison already were being processed by the intake unit.[1] According to the allegations of the amended complaint, the correctional

---

[1] The state corrections department was in the process of closing the Nevada State Prison over the course of 2011 pursuant to a legislative directive to close the facility to reduce budget costs.

officer in charge of the transport van, Correctional Officer Henderson, who has not been named as a defendant, kept the air conditioner on.  After an interval, exhaust fumes began to mix with the air conditioning intake, and Henderson drove the van in circles for an interval before again keeping the van stationary.  Plaintiff alleges that eventually the 109-degree heat overcame the capacity of the air conditioner.

Count I alleges violations of the Eighth Amendment and other constitutional provisions based upon the heat and exhaust fumes in the van.

Count II alleges violations of the Eighth Amendment and other constitutional provisions based upon defendants not providing plaintiff water or a restroom break while in the van.

The prior screening order dismissed all federal claims presented against the defendants named in the original complaint with leave to amend.

The amended complaint corrects two minor deficiencies in the original complaint,[2] but the amended complaint nonetheless does not state a claim for relief under federal law against the defendants named.

The amended complaint does not state a claim for relief under federal law against Associate Warden Baca.  As stated in the first screening order, an allegation only of inadequate supervision is insufficient to establish supervisory liability because there is no *respondeat superior* liability under § 1983.  A supervisor may be held liable in his individual capacity only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation.  *See,e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).  In the amended complaint, plaintiff alleges that Associate Warden Baca as head of security was the policy maker responsible for the security policy limiting the number of inmates that could be in the intake unit at one time.  He maintains that, as head of security, Associate Warden Baca "failed to take the proper steps" to make sure that the circumstances alleged in the complaint

---

[2]The amended complaint no longer names High Desert, which is a facility rather than a juridical entity; and plaintiff no longer seeks monetary damages from the defendants in their official capacity.

1  did not happen. These forumulaic allegations allege nothing more than a *respondeat superior*
2  theory of liability, *i.e.*, that Associate Warden Baca had supervisory responsibility over security
3  and failed to prevent the circumstances alleged in the amended complaint. Alleging only that
4  a defendant is a policy maker does not make the defendant responsible for the acts or
5  omissions of subordinates. In particular, the alleged fact that Baca promulgated a security
6  policy limiting the number of inmates in the intake unit did not personally involve him in an
7  alleged constitutional deprivation resulting from subordinates allegedly failing to adequately
8  handle overflow inmates. Plaintiff's federal claims against Associate Warden Baca at bottom
9  are grounded in alleged inadequate supervision, which is not actionable under § 1983.

10  The amended complaint further does not state a claim for relief under federal law
11  against Sergeant Kim or against Lieutenant Lindsey, who was not named in the original
12  complaint. As with Associate Warden, a formulaic allegation only that Kim and Lindsey were
13  "policy makers" responsible for formulating and/or implementing a security policy limiting the
14  number of inmates in the intake unit does not state a claim under § 1983.

15  Specifically regarding Count I, no specific allegations of actual fact in the complaint
16  reflect that Kim or Lindsey were aware of the alleged conditions inside the van, where
17  Henderson was running the air conditioner while Kim was processing the prisoners from the
18  Nevada State Prison. The prior screening order made the same observation as to the
19  corresponding allegations in the original complaint as to Kim. Plaintiff alleges in pertinent part
20  in the amended complaint only that Kim and Lindsey are "believed" to have made a joint
21  decision pursuant to the security policy that Henderson could not unload the prisoners from
22  the van while they were completing intake of the other prisoners. This conclusory allegation
23  does not present any allegations of actual fact reflecting that either Kim or Linsdey – as
24  opposed to Henderson – was aware of the actual conditions inside the otherwise air-
25  conditioned van. To state a claim under the Eighth Amendment, plaintiff must present
26  allegations of actual fact tending to establish that the defendant official knew of and
27  disregarded an excessive risk to inmate health or safety. *See,e.g., Simmons v. Navajo*
28  *County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of

the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.*   In other words, a plaintiff must show that the official was "(a) *subjectively aware* of the [excessive risk] and (b) failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original).  Here, following an opportunity to amend, plaintiff has not presented any allegations of actual fact tending to establish the requisite subjective knowledge by the defendant intake officers that would state a claim under the Eighth Amendment.

Specifically regarding Count II, plaintiff alleges only that Kim and Lindsey made a joint decision to not allow Henderson to offload the inmates and that they did not ask Henderson whether any of the inmates needed water or to use the restroom.  At the very outset, not having a water break or bathroom break while sitting in (from Kim and Lindsey's alleged vantage point) an air-conditioned van for a total of approximately three hours does not present an excessive risk to inmate health or safety.  Plaintiff refers to the "long ride" from the courthouse in Las Vegas, but the ride to High Desert is less than forty miles in distance.  If Henderson had been transporting the inmates instead to Ely State Prison, they very easily still could have been on the road without a water or bathroom break three hours into the trip. Again, as discussed regarding Count I, there are no allegations reflecting that either Kim or Lindsey was aware of the actual conditions inside the otherwise air-conditioned van.  The allegations in Count II do not reflect that either defendant was subjectively aware of an excessive risk to inmate health or safety from the lack of a water or bathroom break during the time that they were conducting intake of the inmates from Nevada State Prison.

To the extent that plaintiff relies on the Fifth, Ninth, and Fourteenth Amendments, these amendments provide no basis for liability in this context separate and apart from the standards applicable under the Eighth Amendment.

The amended complaint therefore fails to state a claim for relief under federal law. The Court finds that further opportunity for amendment would be futile given that the amended complaint essentially carries forward deficiencies in the operative allegations that were present in the original complaint.

1    Following upon the dismissal of any federal claims over which the district court
2 otherwise might have original jurisdiction, the Court finds that the interests of judicial
3 economy, convenience, fairness and comity would be best served in this case by remanding
4 plaintiff's remaining state law claims.  The Court accordingly exercises its discretion pursuant
5 to 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over the state law
6 claims and remands the matter.  The Court expresses no opinion as to whether plaintiff
7 perhaps may have state law tort remedies on the alleged facts presented separate and apart
8 from federal constitutional law requirements.

9    IT THEREFORE IS ORDERED that all federal claims are DISMISSED with prejudice
10 for failure to state a claim upon which relief may be granted.

11    IT FURTHER IS ORDERED that this action shall be REMANDED to the Eighth Judicial
12 District Court, State of Nevada, Clark County, in connection with No. A-11-651492-C in that
13 court, thereby closing the federal action, as the Court declines to exercise supplemental
14 jurisdiction over plaintiff's state law claims.

15    DATED:   December 5, 2012.

_____
Gloria M. Navarro
United States District Judge